IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES WILLIAM COVERT,                )      No. C 06-6626 SBA (PR)
                                     )
             Plaintiff,              )      **ORDER OF SERVICE**
                                     )
      v.                             )
                                     )
D. GRAHAM, et al.,                   )
                                     )
             Defendants.             )
_____     )
                                     )

**INTRODUCTION**

Plaintiff James William Covert is a state prisoner who is incarcerated at Pleasant Valley State Prison. He filed this pro se civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. On July 30, 2009, he filed an amended complaint.

Venue is proper in this district because the acts complained of occurred while Plaintiff was incarcerated at San Quentin State Prison (SQSP), which is in Marin County. 28 U.S.C. §§ 84(a), 1391(b).

**BACKGROUND**

The following facts are derived from the allegations in Plaintiff's amended complaint, which is taken as true and construed in the light most favorable to Plaintiff for purposes of the Court's initial review of the amended complaint. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).

Plaintiff alleges that in January, 2005, he was given size twelve shoes that were too big for him and that even after numerous complaints he never received size nine-and-a-half shoes, which is his correct shoe size. He alleges that "for months [he] complained to the tier officers, Sergeant R. Harrison and Lieutenant D. Graham that his shoes were too big, to no avail." (Am. Compl. at 8.) Plaintiff claims that Defendant Graham told him, "We have a show crisis going on." (Id.)

Plaintiff alleges that on April 16, 2005, while he was walking down the stairs using the size twelve shoes, his right shoe slipped off. He stepped on the shoe, twisted his ankle, and fell down the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   stairs.  He states: "Officers provided no assistance to Plaintiff down the five flights of stairs, despite

2   the fact that Plaintiff was handcuffed behind his back and the stairs were usually wet, slimy, and

3   dirty."  (Id. at 9.)  Plaintiff claims that he was "knocked unconscious by the fall, and when he came

4   to, [he] was in severe agony."  (Id.)  He alleges that he suffered from impaired vision and that "he

5   was bleeding from many lacerations."  (Id.)  He was then "forced up onto his feet by two officers"

6   because he "could not get up on his own."  (Id.)  Instead of bringing a stretcher to carry him,

7   Plaintiff claims he was "forced to limp along down the stairs to the infirmary while the two officers

8   half dragged him by the arms."  (Id.)  Plaintiff claims that he "complained all the way that this was

9   too painful and asked the officers that they please get the stretcher, but they refused, repeatedly

10  saying, 'Come on, you can make it.'"  (Id.)  Finally, Plaintiff claims: "Instead of obeying the orders

11  and instructions of medical doctors to house plaintiff on the first tier, the defendants dragged

12  appellant back up to his cell on the fifth tier."  (Id.)  Plaintiff claims that "as a result of this incident"

13  he now suffers from "permanent damage to his neck, back, right shoulder and vision" and "lives in

14  constant pain."  (Id.)

15      Plaintiff alleges that the initial denial of care prior to his fall and the inadequate care after he

16  fell amounted to deliberate indifference to his heath and safety.  He also alleges general claims of

17  deliberate indifference to his serious medical needs, equal protection violations and due process

18  violations stemming from his "incarceration in Carson Block and Donner Block" at SQSP where

19  "[c]onditions were unhealthy at a minimum; at worse, they were dangerous and life threatening."

20  (Id. at 9.)  Plaintiff names Defendants Harrison and Graham as well as several Doe Defendants

21  (other unnamed defendants who are prison officials at SQSP) in his amended complaint.  Plaintiff

22  seeks injunctive relief and monetary damages.

23                          **STANDARD OF REVIEW**

24      A federal court must conduct a preliminary screening in any case in which a prisoner seeks

25  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that

27  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

28  relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

2

United States District Court
For the Northern District of California

1  must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

2  (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

3  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

4  (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

5  Atkins, 487 U.S. 42, 48 (1988).

6  **DISCUSSION**

7  **I.    Legal Claims**

8  **A.    Injunctive Relief Claims**

9  Plaintiff seeks both injunctive relief and money damages (including compensatory and/or

10  punitive damages).  The jurisdiction of the federal courts depends on the existence of a "case or

11  controversy" under Article III of the Constitution.  PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir.

12  1996).  A claim is considered moot if it has lost its character as a present, live controversy, and if no

13  effective relief can be granted: "Where the question sought to be adjudicated has been mooted by

14  developments subsequent to filing of the complaint, no justiciable controversy is presented."  Flast

15  v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are

16  determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir.

17  1996).

18  When an inmate has been transferred to another prison and there is no reasonable

19  expectation nor demonstrated probability that he will again be subjected to the prison conditions

20  from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.

21  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-

22  transferred to the prison where the injury occurred is too speculative to overcome mootness.  Id.

23  Because Plaintiff is no longer incarcerated at SQSP, his claims for injunctive relief are

24  DISMISSED as moot.  See Mitchell, 75 F.3d at 528.

25  **B.    Deliberate Indifference to Safety Claim**

26  The Constitution does not mandate comfortable prisons, but neither does it permit inhumane

27  ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives in

28  prison and the conditions under which he is confined are subject to scrutiny under the Eighth

3

United States District Court
For the Northern District of California

1  Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).

2       A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

3  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to

4  an inmate by physical conditions at the prison.  See Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th

5  Cir. 1998) (ignoring slippery shower floors and other physical impediments may constitute

6  deliberate indifference to a serious risk of harm to mobility impaired inmate).  Neither negligence

7  nor gross negligence will constitute deliberate indifference.  See Farmer, 511 U.S. at 835-36 & n.4;

8  see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing that deliberate indifference

9  requires more than negligence).  A prison official cannot be held liable under the Eighth

10  Amendment for denying an inmate humane conditions of confinement unless the standard for

11  criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

12  health or safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of facts from which

13  the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

14  inference.  See id.  An Eighth Amendment claimant need not show, however, that a prison official

15  acted or failed to act believing that harm actually would befall an inmate; it is enough that the

16  official acted or failed to act despite his knowledge of a substantial risk of serious harm.  See id. at

17  842.  This is a question of fact.  See Farmer, 511 U.S. at 842.  A heightened pleading standard

18  applies to the subjective prong of Eighth Amendment claims:  the plaintiff must make

19  nonconclusory allegations supporting an inference of unlawful intent.  Alfrey v. United States, 276

20  F.3d 557, 567-68 (9th Cir. 2002) (applying standard to Bivens Eighth Amendment claim).

21       Although the Eighth Amendment protects against cruel and unusual punishment, this does

22  not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer

23  de minimis injuries.  See, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995)

24  (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of

25  pain); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to

26  spend two days in hot dirty cell with no water); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979)

27  (no claim stated by prisoner confined for twenty-four hours in refuse strewn cell and for two days in

28  flooded cell).  Federal courts instead should avoid enmeshing themselves in the minutiae of prison

United States District Court
For the Northern District of California

1  operations in the name of the Eighth Amendment.  See Wright v. Rushen, 642 F.2d 1129, 1132 (9th

2  Cir. 1981).

3       To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must

4  have known that there was a substantial risk that his or her actions (e.g. substandard training,

5  supervision, policy creation) would cause inmates harm, and there must be a causal connection

6  between the supervisor's actions and the plaintiff's harm.  Jeffers v. Gomez, 267 F.3d 895, 914-16

7  (9th Cir. 2001) (director of state prison system who had modified the use of force policy to decrease

8  number of prison shootings was entitled to qualified immunity for shootings during prison riot under

9  new policy); see also id. at 916-18 (warden present at time of riot entitled to qualified immunity

10 because no evidence that prison policies he followed regarding training, housing of inmates,

11 selection of weapons were unconstitutional).

12      Here, Plaintiff alleges that prior to his fall on April 16, 2005, he complained to Defendants

13 Harrison and Graham that his shoes were too big.  (Am. Compl. at 8.)  He further alleges that these

14 shoes caused him to trip while he was going down the stairs, and thus he fell and injured himself on

15 April 16, 2005.  (Id.)  Plaintiff claims that Defendants Harrison and Graham "fail[ed] to provide

16 Plaintiff [with the] proper shoes that fit his feet while housed in the Ad-Seg at SQ . . . and

17 defendants acted with deliberate indifference to Plaintiff's health and safety."  (Id. at 14.)  Liberally

18 construed, Plaintiff's allegations present a cognizable claim of deliberate indifference to his safety

19 against Defendants Harrison and Graham stemming from their failure to provide him with properly-

20 fitting shoes.

21      **C.    Claims Against Doe Defendants**

22      Plaintiff identifies several Doe Defendants whose names he intends to learn through

23 discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti,

24 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be

25 known prior to the filing of a complaint the plaintiff should be given an opportunity through

26 discovery to identify them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See

27 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against the

28 Doe Defendants are dismissed from this action without prejudice.  Should Plaintiff learn their

5

United States District Court
For the Northern District of California

1  identities, he may move to file an amendment to the complaint to add them as named defendants.

2  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

3  **D.      Supervisory Liability**

4  Plaintiff names multiple supervisors, such as the SQSP Warden and SQSP Acting Warden as

5  the Doe Defendants, in his amended complaint.  Plaintiff does not allege facts demonstrating that

6  these Defendants violated his federal rights, but seems to claim they are liable based on the conduct

7  of their subordinates.  There is, however, no respondeat superior liability under § 1983 solely

8  because a defendant is responsible for the actions or omissions of another.  See Taylor v. List, 880

9  F.2d 1040, 1045 (9th Cir. 1989).  A supervisor generally "is only liable for constitutional violations

10 of his subordinates if the supervisor participated in or directed the violations, or knew of the

11 violations and failed to act to prevent them."  Id.  A supervisor may also be held liable if he or she

12 implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and

13 is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d

14 1435, 1446 (9th Cir. 1991) (en banc).

15 If Plaintiff chooses to file an amendment to the complaint to add these supervisory

16 Defendants, he must allege supervisory liability of these Defendants under the standards explained

17 above.

18 **E.      Remaining Claims**

19 Plaintiff claims that he was "denied equal protection and due process by defendants," that he

20 "suffered deliberate indifference to his serious medical needs" and that he "suffered cruel and

21 unusual punishment re [sic] unlawful, deplorable living conditions while confined in Ad-Seg" at

22 SQSP.  (Am. Compl. at 14.)  These conclusory allegations are not sufficient to state a "plausible"

23 claim that Plaintiff's constitutional rights were violated.  While Plaintiff attempts to give general

24 examples of the "bad" conditions at SQSP, he must give more specific allegations showing how he

25 was affected by such conditions, during which time frame he was affected, and who was responsible

26 for each constitutional violation he alleges.

27 For example, Plaintiff claims that "[o]n one occasion, [he] was seen by a nurse and

28 complained of severe pain . . . [but] [d]espite a dangerously high blood pressure of 195/115, Plaintiff

6

United States District Court
For the Northern District of California

1    was not seen by a doctor for over two months." (Am Compl. at 11.)

2          Deliberate indifference to serious medical needs violates the Eighth Amendment's

3    proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976);

4    McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX

5    Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of

6    "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's

7    medical need and the nature of the defendant's response to that need. Id. at 1059. A serious medical

8    need exists if the failure to treat a prisoner's condition could result in further significant injury or the

9    "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of

10   an injury that a reasonable doctor or patient would find important and worthy of comment or

11   treatment; the presence of a medical condition that significantly affects an individual's daily

12   activities; or the existence of chronic and substantial pain are examples of indications that a prisoner

13   has a serious need for medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d

14   1332, 1337-41 (9th Cir. 1990)). A prison employee is deliberately indifferent if he or she knows

15   that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take

16   reasonable steps to abate it. Farmer, 511 U.S. at 837.

17         In the present case, Plaintiff must name the person who acted with deliberate indifference to

18   his serious medical needs in violation of the Eighth Amendment, describe what that person did to

19   violate his right, state where this violation occurred, and when this violation occurred. Plaintiff

20   must provide a more detailed description of this incident, as well as all the other allegations

21   concerning "bad" conditions at SQSP, for the Court to determine whether enough is alleged to find

22   the pleading adequate to state a claim for relief and require a response from one or more

23   Defendants. Without doing so, the Court is unable to find that his allegations state cognizable

24   claims of deliberate indifference to his serious medical needs, equal protection violations and due

25   process violations. Therefore, his remaining claims are DISMISSED with leave to amend.

26         In amending, Plaintiff should provide enough facts to explain, for instance, in what way he

27   contends his rights were violated. This Court considers only claims of violations of federal law;

28   therefore, Plaintiff must allege facts sufficient to show that the aforementioned conditions he

United States District Court
For the Northern District of California

1   experienced at SQSP rose to the level of constitutional violations.  As mentioned below, Plaintiff

2   must have exhausted his state administrative remedies as to any of his claims before the date his

3   original complaint was filed in this action.

4        He should also note that the only Defendants named in his amended complaint are

5   Defendants Harrison and Graham.  If Plaintiff is attempting to hold other individuals liable, he must

6   name those Defendants and allege facts showing what each individual did that violated his

7   constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory

8   allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual

9   defendant's" actions which violated his or her rights).  As mentioned above, there is no respondeat

10  superior liability in § 1983 cases.  See Taylor, 880 F.2d at 1045.

11       **F.      Exhaustion**

12       "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or

13  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

14  such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

15       The State of California provides its inmates and parolees the right to appeal administratively

16  "any departmental decision, action, condition or policy perceived by those individuals as adversely

17  affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the

18  right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).

19  In order to exhaust available administrative remedies within this system, a prisoner must proceed

20  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602

21  inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level

22  appeal to the Director of the California Department of Corrections.  See id. § 3084.5; Barry v.

23  Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies

24  exhaustion requirement under § 1997e(a).  See id. at 1237-38.

25       In his amended complaint, Plaintiff claims that he "brought all of the aforementioned

26  grievances to the attention of the tier officers, Sergeant R. Harrison, and Lieutenant D. Graham, and

27  through the appeals process, the Captain and Associate Warden in charge of the living quarters."

28  (Am. Compl. at 11.)  He also claims that "through the appeals process, the Warden and Director's

1    Office were apprised of the situation Plaintiff was in, but their chose to ignore the problem rather

2    than fix it."  (Id.)  Although Plaintiff is not required to allege exhaustion in his amended complaint,

3    he is cautioned that, if Defendants raise an exhaustion defense and prove it, the Court will have to

4    dismiss the unexhausted claims, even if by that time he has exhausted his claims.  See McKinney v.

5    Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (a plaintiff must exhaust his state administrative

6    remedies before the complaint is filed; exhaustion afterwards is not sufficient to avoid dismissal).

7                                              **CONCLUSION**

8            For the foregoing reasons, the Court orders as follows:

9            1.      Plaintiff's claims for injunctive relief are DISMISSED.

10           2.      The Court finds COGNIZABLE Plaintiff's claim of deliberate indifference to his

11    safety against Defendants Harrison and Graham.

12           3.      Plaintiff's claims against all Doe Defendants are DISMISSED without prejudice, and

13    any supervisory liability claims against Doe Defendants are DISMISSED with leave to amend as

14    indicated above.

15           4.      Plaintiff's remaining claims of deliberate indifference to his serious medical needs,

16    equal protection violations and due process violations are also DISMISSED with leave to amend.

17           5.      Within **thirty (30) days** of the date of this Order Plaintiff may file an amendment to

18    the complaint with amended claims of supervisory liability, deliberate indifference to his serious

19    medical needs, equal protection violations and due process violations as set forth above in Sections

20    II(D) and II(E) of this Order.  (Plaintiff shall resubmit only these claims and not the entire

21    complaint.)  The failure to do so will result in the dismissal without prejudice of his claims of

22    supervisory liability, deliberate indifference to his serious medical needs, equal protection violations

23    and due process violations.

24           6.      The Clerk of the Court shall issue summons and the United States Marshal shall

25    serve, without prepayment of fees, a copy of the original complaint (docket no. 1) and the amended

26    complaint (docket no. 14) in this matter, and a copy of this Order upon: **SQSP Sergeant R.**

27    **Harrison and SQSP Lieutenant D. Graham**.  The Clerk shall also mail copies of these documents

28    to the Attorney General of the State of California.  Additionally, the Clerk shall serve a copy of this

*United States District Court*
*For the Northern District of California*

9

**United States District Court**
For the Northern District of California

1   Order on Plaintiff.

2           7.      In order to expedite the resolution of this case, the Court orders as follows:

3           a.      Defendants shall answer the complaint in accordance with the Federal Rules

4   of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due,

5   Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall

6   be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

7   Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary

8   judgment, they shall so inform the Court prior to the date their summary judgment motion is due.

9   All papers filed with the Court shall be promptly served on Plaintiff.

10          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

11  and served on Defendants no later than **forty-five (45) days** after the date on which Defendants'

12  motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

13          The Defendant has made a motion for summary  judgment by which they seek
        to have your case dismissed.  A motion for summary judgment under Rule 56 of the
14      Federal Rules of Civil Procedure will, if granted, end your case.
            Rule 56 tells you what you must do in order to oppose a motion for summary
15      judgment.  Generally, summary judgment must be granted when there is no genuine
        issue of material fact -- that is,  if there is no real dispute about any fact that would
16      affect the result of your case, the party who asked for summary judgment is entitled
        to judgment as a matter of law, which will end your case.  When a party you are
17      suing makes a motion for summary judgment that is properly supported by
        declarations (or other sworn testimony), you cannot simply rely on what your
18      complaint says.  Instead, you must set out specific facts in declarations, depositions,
        answers to interrogatories, or authenticated documents, as provided in Rule 56(e),
19      that contradict the facts shown in the Defendants's declarations and documents and
        show that there is a genuine issue of material fact for trial.  If you do not submit your
20      own evidence in opposition, summary judgment, if appropriate, may be entered
        against you.  If summary judgment is granted [in favor of the Defendant], your case
21      will be dismissed and there will be no trial.

22  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

23  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

24  (party opposing summary judgment must come forward with evidence showing triable issues of

25  material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears

26  the burden of proving his allegations in this case, he must be prepared to produce evidence in

27  support of those allegations when he files his opposition to Defendants' dispositive motion.  Such

28  evidence may include sworn declarations from himself and other witnesses to the incident, and

10

**United States District Court**
For the Northern District of California

1   copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to

2   submit declarations contesting the version of the facts contained in Defendants' declarations,

3   Defendants' version may be taken as true and the case may be decided in Defendants' favor without

4   a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of

5   his complaint.

6           c.      If Defendants wish to file a reply brief, they shall do so no later than **fifteen**

7   **(15) days** after the date Plaintiff's opposition is filed.

8           d.      The motion shall be deemed submitted as of the date the reply brief is due.

9   No hearing will be held on the motion unless the Court so orders at a later date.

10          8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and

12  any other necessary witnesses confined in prison.

13          9.      All communications by Plaintiff with the Court must be served on Defendants, or

14  their counsel once counsel has been designated, by mailing a true copy of the document to

15  Defendants or their counsel.

16          10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

17  informed of any change of address and must comply with the Court's orders in a timely fashion.

18  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

19  Rule of Civil Procedure 41(b).

20          11.     Extensions of time are not favored, though reasonable extensions will be granted.

21  However, the party making a motion for an extension of time is not relieved from his or her duty to

22  comply with the deadlines set by the Court merely by having made a motion for an extension of

23  time.  The party making the motion must still meet the deadlines set by the Court until an order

24  addressing the motion for an extension of time is issued.  Any motion for an extension of time must

25  be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

26          IT IS SO ORDERED.

27  DATED: 8/31/09                              _Saundra B. Armstrong_
                                                SAUNDRA BROWN ARMSTRONG
28                                              United States District Judge

P:\PRO-SE\SBA\CR.06\Covert6626.Service.frm 11

**United States District Court**
For the Northern District of California

1

2          UNITED STATES DISTRICT COURT
FOR THE
3   NORTHERN DISTRICT OF CALIFORNIA

4

5   JAMES WILLIAM COVERT,
                                                    Case Number: CV06-06626 SBA
          Plaintiff,
6                                                   **CERTIFICATE OF SERVICE**
    v.
7
    D. GRAHAM et al,
8
          Defendant.
9   _____/

10

11   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

12   That on September 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
13   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

14

15

16   James W. Covert D-86333
     Pleasant Valley State Prison
17   P.O. Box 8503
     Coalinga,  CA 93210
18
     Dated: September 1, 2009
19
                                        Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk
20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\CR.06\Covert6626.Service.frm 12