IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. COVERT<br><br>    Plaintiff,<br>v.<br><br>D. GRAHAM, et al.,<br><br>    Defendants. | No. C 06-6626 SBA (PR)<br><br>**ORDER DIRECTING PARTIES TO FILE DISPOSITIVE MOTIONS, STATEMENTS THAT CASE CANNOT BE RESOLVED BY DISPOSITIVE MOTION, OR NOTICES OF INTENT TO PARTICIPATE IN SETTLEMENT CONFERENCE** |

    Plaintiff James W. Covert, a state prisoner, filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to his health and safety during his incarceration in administrative segregation ("ad seg") at San Quentin State Prison. Plaintiff alleged, inter alia, that in January 2005, Defendants purposely deprived him of his personal shoes, instead provided him with size 12 shoes when he wore a size 9 ½. He complained to prison officials about the wrong shoe size for months, to no avail. On April 16, 2005, Plaintiff sustained serious injuries after one of his shoes slipped off, causing him to fall down several flights of stairs. On September 1, 2009, the Court issued an order serving Plaintiff's cognizable claim of deliberate indifference to his health and safety against Defendants Harrison and Graham.

    In an Order dated March 30, 2010, the Court granted Defendants' motion to dismiss Plaintiff's complaint for failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

    Plaintiff appealed and, on January 25, 2012, the Ninth Circuit Court of Appeals vacated this Court's dismissal order. The Ninth Circuit held that Defendants had not met their burden of proving that Plaintiff's action should be dismissed for failure to exhaust administrative remedies. In vacating this Court's judgment, the Ninth Circuit stated:

> Covert stated in his sworn declaration in opposition to the motion to dismiss that he attempted to file appeals at the second level of review for his May 6, 2005 grievance, and that these appeals were never properly processed. Defendants relied on a declaration by appeals coordinator Padilla that does not explain the prison's

record keeping methods or otherwise address how attempted inmate appeals are tracked or handled. See [Wyatt v. Terhune, 315 F.3d 1108,] 1116-17, 1119-20 [(9th Cir. 2003)] (an incomplete record is inadequate to establish nonexhaustion). Accordingly, we vacate the judgment and remand for further proceedings.

Covert v. Graham, et al., No. 10-16134, Memorandum at 2. The Ninth Circuit issued its mandate on February 16, 2012.

For the foregoing reasons, this Court's March 30, 2010 judgment was vacated and remanded. The Court, therefore, directs Defendants to state whether they believe the case can be resolved in whole or in part by dispositive motion, and file a dispositive motion, if appropriate. Plaintiff may also file his own motion for summary judgment, if appropriate. In lieu of a dispositive motion, the Court directs each party to file a notice of intent to participate in a settlement conference in order to resolve this case.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. No later than **forty-five (45) days** of the date of this Order, Defendants shall file either a dispositive motion or a statement that they believe the case cannot be resolved by way of a dispositive motion. If Defendants file a dispositive motion, Plaintiff may file an opposition to the motion no later than **forty-five (45) days** of the date Defendants' motion is filed. Defendants shall file a reply brief no later than **fifteen (15) days** of the date Plaintiff's opposition is filed.

2. Plaintiff may also file his own motion for summary judgment, if appropriate, no later than **forty-five (45) days** of the date of this Order. Defendants' opposition shall be due no later than **forty-five (45) days** after Plaintiff's motion is filed, and Plaintiff shall file a reply brief no later than **fifteen (15) days** of the date Defendants' opposition is filed.

3. Plaintiff is reminded of his obligation to produce evidence in support his claims for relief in order to either prevail on his own motion for summary judgment or defeat Defendants' motion for summary judgment. He may not rely on the allegations of his complaints. Evidence may take the form of affidavits (statements of fact within the individual's personal knowledge, that are signed and verified as true under penalty of perjury) or documentary evidence that is authenticated by

an appropriate affidavit, see Fed. R. Evid. 901-03

4. If the parties believe a settlement can be reached, the participating parties should inform the Court by filing Notices of Intent to Participate in Settlement Conference no later than **forty-five (45) days** of the date of this Order, stating their preference to participate in a settlement conference in lieu of filing a dispositive motion.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten (10) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: _3/13/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.06\Covert6626.remand.frm    3

United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM COVERT,<br><br>    Plaintiff,<br><br>  v.<br><br>D. GRAHAM et al,<br><br>    Defendant.                       / | Case Number: CV06-06626 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James W. Covert D-86333
Pleasant Valley State Prison
P.O. Box 8503
Coalinga, CA 93210

Dated: March 13, 2012

                                                Richard W. Wieking, Clerk
                                                By: Lisa Clark, Deputy Clerk